IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERIK STORM,
    Plaintiff,

v.

NEIL ERICKSON,
    In both his official capacity and individual capacity as Police Chief of the City of Gardner,

JAMES F. TRIFIRO,
    In both his official capacity and individual capacity as a Police Officer for the City of Gardner,

DYLAN BRYANT,
    In both his official capacity and individual capacity as a Police Officer for the City of Gardner,

POLICE OFFICER JOHN DOE,
    In both his official capacity and individual capacity as a Police Officer for the City of Gardner,

    Defendants.

## **COMPLAINT**

Now comes the Plaintiff Erik Storm, by and through undersigned counsel, and complains of the Defendants as follows:

## **INTRODUCTION**

1. The Plaintiff Erik Storm (hereinafter "Mr. Storm") visited the Gardner police station in November 2015 to submit his application to renew his License to Carry

(hereinafter "LTC") prior to his LTC's December 4, 2015 expiration date. The Plaintiff was told that he may only submit his application by appointment and that the earliest date available with Firearms Officer Sergeant James F. Trifiro ("hereinafter "Sergeant Trifiro") was December 13, 2015 at 5:00 PM.  When Mr. Storm arrived for his appointment, Sergeant Trifiro began questioning him regarding the firearms he owned. Sergeant Trifiro then informed Mr. Storm that because his license had expired, that it was illegal for Mr. Storm to have weapons in his home, and that two Gardner police officers were going to accompany him to his home and confiscate his weapons. Two officers followed Storm to his home, entered without voluntary consent, and confiscated his weapons, ammunition, and accessories, also without voluntary consent. The Gardner police returned much of Storm property after he renewed his license, but refused to return several magazines, falsely claiming they had been manufactured after 1994 and their possession by Mr. Storm would violate the Massachusetts Assault Weapon Ban.

### THE PARTIES

2. The Plaintiff, Erik Storm, is a resident of the City of Gardner in the County of Worcester in the Commonwealth of Massachusetts.

3. Defendant Neil Erickson ("Erickson") is the Chief of Police for the City of Gardner in the County of Worcester in the Commonwealth of Massachusetts and is the authority charged with issuing Licenses to Carry Firearms to residents of Gardner and is employed in the City of Gardner, County of Worcester, in the Commonwealth of Massachusetts. All of his actions alleged in this complaint

were done under the color of law. Defendant Erickson is being sued in both his individual capacity as a Police Officer and his official capacity as a Police Officer.

4. Defendant James Trifiro at all times relevant to this complaint, was a police officer employed by the City of Gardner, and all of his actions alleged in this complaint were done under the color of law. Defendant Trifiro is being sued in both his individual capacity as a Police Officer and his official capacity as a Police Officer.

5. Defendant Dylan Bryant at all times relevant to this complaint, was a police officer employed by the City of Gardner, and all of his actions alleged in this complaint were done under the color of law. Defendant Dylan Bryant is being sued in both his individual capacity as a Police Officer and his official capacity as a Police Officer.

6. Defendant John Doe at all times relevant to this complaint, was a police officer employed by the City of Gardner, and all of his actions alleged in this complaint were done under the color of law. Defendant John Doe is being sued in both his individual capacity as a Police Officer and his official capacity as a Police Officer.

## JURISDICTION AND VENUE

7. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Commonwealth of

Massachusetts of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

8. This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Plaintiff's Background*

9. Erik Storm is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

## FACTS

10. The Plaintiff Erik Storm visited the Gardner police station on or about November 17th 2015 to submit an application to renew his License to Carry prior to his LTC's December 4, 2015 expiration date.

11. The Plaintiff was told the earliest date available with Firearms Officer Sergeant James F. Trifiro ("hereinafter "Sergeant Trifiro") was December 13, 2015 at 5:00 PM.

12. The Plaintiff asked the officer on duty if the appointment could be scheduled prior to the expiration of his LTC. He was again told he could not submit his application until December 13, 2015, at 5:00 PM.

13. On December 13, 2015 Mr. Storm had his appointment with Sergeant Trifiro, who asked the Plaintiff if he had any guns in his house. The Plaintiff answered that he did.

14. Sergeant Trifiro next asked the Plaintiff he how many weapons he had in his home. The Plaintiff said he was not certain, as he had inherited from, or been given several guns by, family members. He also stated that he had purchased several guns on his own.

15. Sergeant Trifiro then informed Mr. Storm that it was illegal to have firearms in his home without a firearms permit.

16. Sergeant Trifiro informed Mr. Storm that two officers would accompany him back home to his house, where the officers would go inside and confiscate all Mr. Storm's weaponry and ammunition.

17. Sergeant Trifiro denied the Plaintiff's request to have a friend with an LTC come to Mr. Storms home and take control of the weapons.

18. Sergeant Trifiro then asked the Plaintiff if all his weapons were locked and stored properly. The Plaintiff stated that three shotguns, which were not capable of being fired, were not locked up.

19. Sergeant Trifiro then informed the Plaintiff he might be arrested by the officers who would be confiscating his weapons due to their improper storage.

20. Officers Dylan Bryant and John Doe met the Plaintiff as he was exiting the Gardner Police Department building and followed him home. They then got out of their cruiser, and without presenting any warrant or requesting the Plaintiff's consent to search his home, followed the Plaintiff into his home. Once inside they

confiscated the Plaintiff's weapons, ammunition, and left without providing Mr. Storm with a receipt for the confiscated property.

21. An officer later that evening came to Mr. Storm's house and gave him a receipt for the seized property. Mr. Storm was not sure how much ammunition was confiscated, as it appeared in a few lines in the receipt under "Miscellaneous."

22. As the Chief of Police and Licensing Authority in the City of Gardner, Erickson knew, or should have known, of the actions undertaken by Sergeant Trifiro, Dylan Bryant, and John Doe.

23. After processing the renewal for Mr. Storm's License to Carry, the Gardner Police informed Mr. Storm that he could retrieve his firearms.

24. Mr. Storm retrieved his firearms from the Gardner Police, however the police refused to return several magazines, claiming that his possession of those items in Massachusetts violates the Massachusetts Assault Weapon Ban.

25. The magazines in question were manufactured prior to the 1994 Assault Weapons Ban.

26. As of this date, the Gardner Police continue to refuse to return the magazines in question.

## COUNT I

## Violation of Erik Storm's Second Amendment Right to keep and bear arms by denying his License to Carry Firearms

27. The Plaintiff restates and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28. The Defendants' refusal to schedule a meeting for the Plaintiff to renew his LTC prior to the LTC's expiration violated Erik Storm's Second Amendment Right to keep and bear arms.

## COUNT II

## Violation of Erik Storm 's Second Amendment Right to keep and bear arms by seizing his firearms

29. The Plaintiff restates and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. Defendant Dylan Bryant and John Doe's seizure of the firearms infringed on Erik Storm's Second Amendment Right to keep and bear arms.

31. Erik Storm is entitled to judgment for monetary damages including, but not limited to, the value of firearms or ammunition seized the Defendants and not returned.

## COUNT III

## Violation of Erik Storm's Fourth Amendment Right to be free from unreasonable seizure

32. The Plaintiff restates and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33. The Defendants' seizure of Erik Storm's firearms infringed on Erik Storm 's Fourth Amendment Right to be free from unreasonable seizure.

*34.* Erik Storm is entitled to judgment for monetary damages including, but not limited to, the value of firearms or ammunition seized the Defendants and not returned.

## COUNT IV

## Violation of Erik Storm's Fourth Amendment Right to be free from Unreasonable Searches

*35.* The Plaintiff restates and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

*36.* Defendants' search of Erik Storm's home infringed on Erik Storm's Fourth Amendment Right to be free from unreasonable search.

*37.* Erik Storm is entitled to judgment for monetary damages including, but not limited to, the value of firearms or ammunition seized the Defendants and not returned.

## COUNT V

## Deprivation of Erik Storm's Fourteenth Amendment Right to Due Process

*38.* The Plaintiff restates and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

*39.* Defendants' behavior deprived Erik Storm of his Fourteenth Amendment right to Due Process.

*40.* Erik Storm is entitled to judgment for monetary damages including, but not limited to, the value of firearms or ammunition seized the Defendants and not returned.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant as follows:

1. Injunctive relief ordering the Defendants to return the property of the Plaintiff;

2. A declaratory judgment that the Defendants' actions violated the Plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

3. A declaratory judgment that the Defendants' actions violated the Plaintiff's constitutional right to remain free of unreasonable searches under the Fourth Amendment to the constitution;

4. A declaratory judgment that the Defendants' actions violated the Plaintiff's constitutional right to remain free of unreasonable seizures under the Fourth Amendment to the constitution;

5. A declaratory judgment that the Defendants' actions violated the Plaintiff's Fourteenth Amendment right to Due Process;

6. Award the Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

7. Such other relief as the court deems just.

June 27, 2016

    Respectfully submitted,
    Erik Storm

    By his attorney,

    /s/ J. Steven Foley
    J. Steven Foley
    BBO # 685741
    Law Office of J. Steven Foley
    100 Pleasant Street #100
    Worcester, MA 01609

Tel: 508-754-1041
Fax: 508-739-4051
JSteven@attorneyfoley.com