UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIK STORM, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| NEIL ERICKSON, | ) | |
| In both his official capacity and individual | ) | |
| capacity as Police Chief of the City of | ) | C.A. No. 4:16-cv-40094-TSH |
| Gardner, | ) | |
| JAMES F. TRIFIRO, | ) | |
| In both his official capacity and individual | ) | |
| capacity as Police Officer for the City of | ) | |
| Gardner, | ) | |
| DYLAN BRYANT, | ) | |
| In both his official capacity and individual | ) | |
| capacity as Police Officer for the City of | ) | |
| Gardner, | ) | |
| POLICE OFFICER JOHN DOE, | ) | |
| In both his official capacity and individual | ) | |
| capacity as Police Officer for the City of | ) | |
| Gardner, | ) | |
| Defendants | ) | |

**DEFENDANTS NEIL ERICKSON, JAMES F. TRIFIRO, DYLAN BRYANT AND
POLICE OFFICER JOHN DOE'S ANSWER TO THE PLAINTIFF, ERIK STORM'S
COMPLAINT**

NOW COME the defendants, Chief Neil Erickson (herein "defendant" or "Chief"), Sergeant James F. Trifiro (herein "defendant" or "Trifiro") Officer Dylan Bryant (herein "defendant" or "Bryant") and Officer John Doe in the above entitled matter and hereby ANSWER the plaintiff Erik Storm's Complaint and further state as follows:

1. The defendants deny the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. The defendants admit, upon information and belief, the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendants admit the allegations contained in paragraph 3 of the plaintiff's Complaint.

4. The defendants admit the allegations contained in paragraph 4 of the plaintiff's Complaint.

5. The defendants admit the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. The defendants deny the allegations contained in paragraph 6 of the plaintiff's Complaint for lack of personal knowledge.

7. The defendants neither admit nor deny the allegations contained in paragraph 7 of the plaintiff's Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

8. The defendants neither admit nor deny the allegations contained in paragraph 8 of the plaintiff's Complaint as it calls for a legal conclusion. To the extent a response is required, the defendants deny the same.

9. The defendants deny the allegations contained in paragraph 9 of the plaintiff's Complaint for lack of personal knowledge.

10. The defendants admit the allegations contained in paragraph 10 of the plaintiff's Complaint.

11. The defendants deny the allegations contained in paragraph 11 of the plaintiff's Complaint for lack of personal knowledge.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's Complaint.

13. The defendants admit the allegations contained in paragraph 13 of the plaintiff's Complaint.

14. The defendants admit the allegations contained in paragraph 14 of the plaintiff's Complaint.

15. The defendants admit the allegations contained in paragraph 15 of the plaintiff's Complaint.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiff's Complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiff's Complaint.

18. The defendants deny the allegations contained in paragraph 18 of the plaintiff's Complaint.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiff's Complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiff's Complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's Complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiff's Complaint.

23. The defendants admit the allegations contained in paragraph 23 of the plaintiff's Complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiff's Complaint.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiff's Complaint for lack of personal knowledge.

26. The defendants admit the allegations contained in paragraph 26 of the plaintiff's Complaint.

## COUNT I: SECOND AMENDMENT

27. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-26 above as though separately set forth herein.

28. The defendants deny the allegations contained in paragraph 28 of the plaintiff's Complaint.

## COUNT II: SECOND AMENDMENT

29. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-28 above as though separately set forth herein.

30. The defendants deny the allegations contained in paragraph 30 of the plaintiff's Complaint.

31. The defendants deny the allegations contained in paragraph 31 of the plaintiff's Complaint.

## COUNT III: FOURTH AMENDMENT

32. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-31 above as though separately set forth herein.

33. The defendants deny the allegations contained in paragraph 33 of the plaintiff's Complaint.

34. The defendants deny the allegations contained in paragraph 34 of the plaintiff's Complaint.

## COUNT IV: FOURTH AMENDMENT

35. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-34 above as though separately set forth herein.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's Complaint.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's Complaint.

## COUNT V: FOURTEENTH AMENDMENT

38. The defendants repeat, reallege and incorporate herein their answers to paragraphs 1-37 above as though separately set forth herein.

39. The defendants deny the allegations contained in paragraph 39 of the plaintiff's Complaint.

40. The defendants deny the allegations contained in paragraph 40 of the plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

And further answering the defendants say that the damages alleged were caused in whole or in part by the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

And further answering the defendants say that the damages alleged were caused in whole or in part by the actions of a third party.

## THIRD AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiff assumed the risk of any damage sustained.

## FOURTH AFFIRMATIVE DEFENSE

And further answering the defendants say the plaintiff, by his own conduct, is estopped from recovery hereunder.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants say the plaintiff, by his own actions, has waived any and all rights against the defendants and is estopped from recovery hereunder.

## SIXTH AFFIRMATIVE DEFENSE

And further answering the defendants say that they were justified in their actions and conduct, and are therefore, not liable to the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that this action was not commenced within the time required by the laws made and provided therefore.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Complaint fails to state a cause of action upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Court does not have personal jurisdiction over the said defendants, wherefore the said defendants requests that this action be dismissed pursuant to Fed.R.Civ.P. Rule l2(b)(2).

## TENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the Complaint should be dismissed pursuant to Fed.R.Civ.P. Rule l2(b)(5) for insufficient service of process.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the defendants are entitled to qualified immunity as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering the defendants say that, in the event that the plaintiff should recover a judgment against them in this action, the plaintiff shall not be entitled to recover

interest prior to the issuance of any such judgment, nor shall the plaintiff be entitled to the recovery of costs against said defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants state their actions were performed according to, and protected by law and/or legal process, and the plaintiff is barred from recovery hereunder.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants deny that the acts were committed as alleged in the plaintiff's Complaint, however if any said acts were committed as alleged, the defendants state that at all times material hereto, they acted in good faith and a reasonable belief that their actions were in compliance with all relevant laws and circumstances.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that their actions are immune from suit as they were discretionary functions.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that if the plaintiff suffered damages as alleged, such damages were caused by someone for whose conduct the defendants were not or are not legally responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that they were privileged or justified in their actions and the plaintiff is not entitled to recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that their actions are immune from suit as they were discretionary functions.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering the defendants say that the defendants' conduct was not extreme and outrageous.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiff failed to fulfill a condition precedent to recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering the defendants say that the plaintiff has failed to exhaust all administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants say that the allegations set forth in the Complaint are wholly insubstantial, frivolous and not advanced in good faith and the defendants, are therefore, entitled to recover reasonable counsel fees, costs and expenses incurred in defense of said allegations to the extent provided by G.L.c. 23l § 6F.

## JURY CLAIM

The defendants Chief Neil Erickson, Sergeant James F. Trifiro, Officer Dylan Bryant and Police Officer John Doe request a trial by jury as to all issues.

> DEFENDANTS,
> By their attorney,
>
> /s/ Courtney E. Mayo
> Courtney E. Mayo, Esquire,
> BBO # 657790
> Gerard T. Donnelly, Esquire
> BBO # 553283
> Hassett & Donnelly, P.C.
> 446 Main Street - 12th Floor
> Worcester, MA 01608
> Phone:  (508) 791-6287
> cmayo@hassettanddonnelly.com
> gdonnelly@hassettanddonnelly.com

Dated: July 25, 2016

## CERTIFICATE OF SERVICE

I, Courtney E. Mayo, counsel for the defendants in the above-entitled matter, hereby certify that I have served a copy of the foregoing document upon all parties through the Electronic Case Filing system this 25th day of July, 2016 to:

J. Steven Foley, Esquire
Law Office of J. Steven Foley
100 Pleasant Street # 100
Worcester, MA 01609
JSteven@attorneyfoley.com

/s/ Courtney E. Mayo
Courtney E. Mayo, Esquire